UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHAEL ZEIGLER,                                                    **AMENDED**
                                                                    **COMPLAINT**
                                    Plaintiff,
                                                                    14 CV 1139 (BMC)
            -against-
                                                                    <u>Jury Trial Demanded</u>
CITY OF NEW YORK, CHRISTOPHER BRUNO, Individually,
KRISTIN WHITE, Individually, MICHAEL SMITH, Individually,
CHRISTOPHER CARULLO, Individually, ANTHONY ALFANO,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

        Plaintiff MICHAEL ZEIGLER, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully allege as follows:

## <u>Preliminary Statement</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## <u>JURISDICTION</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution, and the Constitution of the State

of New York.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MICHAEL ZEIGLER is a fifty-two year old African American man who resides in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, CHRISTOPHER BRUNO, KRISTIN WHITE, MICHAEL SMITH, CHRISTOPHER CARULLO, ANTHONY ALFANO, and JOHN or JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On May 31, 2011, at approximately 10:45 p.m., plaintiff MICHAEL ZEIGLER was lawfully operating his motor vehicle in the vicinity of Tompkins Avenue and Lynhurst Avenue, Staten Island, New York.

13.     At the aforesaid time and place, defendant officers believed to include CHRISTOPHER BRUNO, KRISTIN WHITE, MICHAEL SMITH, and CHRISTOPHER CARULLO, stopped plaintiff's vehicle.

14.     Plaintiff was pulled plaintiff out of his vehicle without justification, unnecessarily handcuffed, brought to the back of his vehicle, slammed him into the vehicle, his legs were kicked apart, and he and his car were searched.

15.     The defendants stopped and searched plaintiff pursuant to a practice of disproportionately stopping and searching motorists due to discrimination against them based on their race.

16.     The defendants thereafter flagged over a marked police vehicle operated by an officer believed to be ANTHONY ALFANO, an NYPD sergeant who supervised and was otherwise responsible for the conduct of his subordinate officers.

17.     Plaintiff was then unlawfully imprisoned in defendant the police vehicle, transported to the 120th Police Precinct by ALFANO and WHITE, and imprisoned therein.

18.     While plaintiff was imprisoned at the 120th Precinct, he was subjected to a

humiliating and unlawful strip search wherein he was compelled to pull his pants and underwear down.

19.     The defendants imprisoned plaintiff in a cell at the 120th Precinct overnight.

20.     On June 1, 2011, at approximately 12:00 p.m., defendant BRUNO released plaintiff from custody, issuing to plaintiff summons number 2011SR009359 and three traffic tickets numbered AAR4448113, AARR4448102, and AAR4448091.

21.     As a result of the issuance of the summons and traffic tickets, plaintiff was compelled appear at Richmond County Criminal Court and the Department of Motor Vehicles on baseless charges filed against him based on the false and manufactured allegations of defendant BRUNO.  The defendants initiated said prosecutions with malice, and otherwise caused said prosecutions to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

22.     The defendant police officers created and manufactured false evidence against plaintiff and used same against him in said legal proceedings.  Specifically, defendant BRUNO swore to false allegations which formed the basis of the charges filed against plaintiff.

23.     As a result of defendant BRUNO's false allegations that plaintiff had acted disorderly, plaintiff was compelled to appear in Richmond County Criminal Court.  On August 24, 2011, plaintiff appeared, and all the purported charges levied against plaintiff based on the false allegations of the defendant BRUNO were adjourned in contemplation of dismissal.  They were subsequently dismissed and sealed.

24.     As a result of the defendants' false allegations that plaintiff had violated vehicle and traffic laws, plaintiff was compelled to appear at the Department of Motor Vehicles on

4

September 1, 2011, on which date all of the tickets were dismissed.

25. Defendant ALFANO supervised defendants BRUNO, WHITE, SMITH, CARULLO, and JOHN and JANE DOE 1 through 10, and participated in, approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiff.

26. The defendant NYPD officers BRUNO, WHITE, SMITH, CARULLO, ALFANO, and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a custom or practice of falsification.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding motor vehicle stops, disproportionately stop and search motorists due to discrimination against them based on their race and/or nationality, illegally strip search citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search, and engage in a practice of falsification.

29. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

5

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff MICHAEL ZEIGLER, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

6

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiff MICHAEL ZEIGLER, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

41.     Defendants caused plaintiff MICHAEL ZEIGLER, to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unreasonable Strip Search under 42 U.S.C. §1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants strip searched plaintiff in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched or any other purported authority or justification.

45.     Defendants thereby caused plaintiff MICHAEL ZEIGLER to be deprived of his right to be free from unlawful strip searches.

46.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in a Criminal Court.

49.     Defendants caused plaintiff MICHAEL ZEIGLER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

50.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

51.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.   Defendants created false evidence against plaintiff MICHAEL ZEIGLER.

53.   Defendants utilized this false evidence against plaintiff MICHAEL ZEIGLER in legal proceedings.

54.   As a result of defendants' creation and use of false evidence, plaintiff MICHAEL ZEIGLER suffered a violation of his constitutional right to a fair trial as guaranteed by the United States Constitution.

55.   As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

56.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.   Defendants had an affirmative duty to intervene on behalf of plaintiff MICHAEL ZEIGLER, whose constitutional rights were being violated in their presence by other officers.

58.   The defendants failed to intervene to prevent the unlawful conduct described

herein.

59.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER was subjected to false arrest, illegal strip search, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, detained, strip searched and issued criminal process without probable cause.

60.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The defendants falsely arrested, maliciously issues process, and illegally strip searched plaintiff MICHAEL ZEIGLER because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

63.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER was deprived of his rights under the Equal Protection Clause of the United States Constitution.

64.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

67.     As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, disproportionately stopping, searching, and arresting citizens due to discrimination against them based on their race and/or nationality, and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals, for overtime compensation, and/or for other collateral objectives outside the ends of justice.  In addition, the CITY OF NEW YORK

engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MICHAEL ZEIGLER'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MICHAEL ZEIGLER.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MICHAEL ZEIGLER, as alleged herein.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MICHAEL ZEIGLER, as alleged herein.

74.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MICHAEL ZEIGLER was unlawfully seized, detained, incarcerated, searched, and prosecuted.

75.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MICHAEL ZEIGLER' constitutional rights.

76.    All of the foregoing acts by defendants deprived plaintiff MICHAEL ZEIGLER of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    To be free from malicious abuse of process;

        D.    To be free from false imprisonment/arrest;

        E.    To be from denial of equal protection under law;

        F.    To be free from the denial of the right to fair trial; and

        G.    To be free from unlawful strip searches.

77.    As a result of the foregoing, plaintiff MICHAEL ZEIGLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

**WHEREFORE**, plaintiff MICHAEL ZEIGLER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
          May 30, 2014

                              LEVENTHAL & KLEIN, LLP
                              Attorneys for Plaintiff MICHAEL ZEIGLER
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By:     _____/s/_____
                                        BRETT H. KLEIN (BK4744)

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHAEL ZEIGLER,

                                        Plaintiff,

                                                                14 CV 1139 (BMC)

            -against-

CITY OF NEW YORK, CHRISTOPHER BRUNO, Individually,
KRISTIN WHITE, Individually, MICHAEL SMITH, Individually,
CHRISTOPHER CARULLO, Individually, ANTHONY ALFANO,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100